IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE SOKOL,

               Plaintiff,

vs.                                                     Case No. 18-1121-SAC

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

               Defendant.

**MEMORANDUM AND ORDER**

On November 4, 2014, plaintiff filed an application for social security disability insurance benefits and, on May 30, 2015, plaintiff filed an application for supplemental security income benefits. These applications alleged a disability onset date of May 11, 2013. The applications were denied initially on February 25, 2015. Plaintiff requested a hearing which was conducted on September 2, 2016. The administrative law judge (ALJ) considered the evidence and decided on February 24, 2017 that plaintiff was not qualified to receive benefits. This decision has been adopted by defendant. This case is now before the court upon plaintiff's request to reverse and remand the decision to deny plaintiff's applications for benefits.

I. STANDARD OF REVIEW

To qualify for disability benefits, a claimant must establish that he or she was "disabled" under the Social Security Act, 42

U.S.C. § 423(a)(1)(E), during the time when the claimant had "insured status" under the Social Security program. See Potter v. Secretary of Health & Human Services, 905 F.2d 1346, 1347 (10th Cir. 1990); 20 C.F.R. §§ 404.130, 404.131. To be "disabled" means that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

For supplemental security income claims, a claimant becomes eligible in the first month where he or she is both disabled and has an application on file. 20 C.F.R. §§ 416.202-03, 416.330, 416.335.

The court must affirm the ALJ's decision if it is supported by substantial evidence and if the ALJ applied the proper legal standards. See Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010)(internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The court must examine the record as a whole, including whatever in the record fairly detracts from the weight of the defendant's decision, and on that basis decide if

substantial evidence supports the defendant's decision. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994) (quoting <u>Casias v. Secretary of Health & Human Services</u>, 933 F.2d 799, 800-01 (10th Cir. 1991)). The court may not reverse the defendant's choice between two reasonable but conflicting views, even if the court would have made a different choice if the matter were referred to the court de novo. <u>Lax</u>, 489 F.3d at 1084 (quoting <u>Zoltanski v. F.A.A.</u>, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II. THE ALJ'S DECISION (Tr. 118-129).

There is a five-step evaluation process followed in these cases which is described in the ALJ's decision. (Tr. 119-20). First, it is determined whether the claimant is engaging in substantial gainful activity. Second, the ALJ decides whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments which are "severe." At step three, the ALJ decides whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, the ALJ determines the claimant's residual functional capacity and then decides whether the claimant has the residual functional capacity to perform the requirements of his or her past relevant work. Finally, at the last step of the sequential evaluation process, the ALJ determines whether the claimant is

3

able to do any other work considering his or her residual functional capacity, age, education and work experience.

In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006).  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy with the claimant's residual functional capacity.  Id.  In this case, the ALJ decided plaintiff's application should be denied at the fifth step of the evaluation process.

The ALJ made the following specific findings in his decision. First, plaintiff meets the insured status requirements for Social Security benefits through December 31, 2014.  Second, plaintiff has not engaged in substantial gainful activity since May 11, 2013, the alleged onset date of disability.  Third, plaintiff has the following severe impairments:  substance abuse and dependency; arthritic knees, history of fibromyalgia, cervical spondylosis status-post remote history of cervical fusion; degenerative disc disease of the back; and affective and anxiety disorders, including bipolar disorder, depression, post-traumatic stress disorder, and anxiety.  Fourth, plaintiff does not have an impairment or combination of impairments that meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Fifth, plaintiff has the residual functional capacity to perform light

4

work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that: plaintiff cannot work on ladders, ropes, scaffolding, or at unprotected heights; plaintiff has occasional ability to climb stairs and ramps, occasional ability to stoop, kneel, crouch, and crawl; plaintiff is limited to only simple, routine, repetitive type tasks requiring only simple work-related decision-making with only few changes in the routine work setting; and plaintiff is limited to no more than occasional interaction with supervisors, coworkers, and the general public. Finally, the ALJ determined that, although plaintiff cannot perform any past jobs she once was capable of doing, she could perform such jobs as cleaner/housekeeper, production assembly, and inspector/hand-packager. The ALJ further found that these jobs exist in significant numbers in the national and state economy.

III. THE DECISION TO DENY BENEFITS WILL BE REVERSED AND THE CASE REMANDED FOR FURTHER CONSIDERATION.

Plaintiff asks the court to reverse and remand the denial of benefits because substantial evidence does not support the ALJ's RFC assessment of plaintiff's physical limitations by pain. Doc. No. 9, p. 1. Plaintiff focuses upon the following paragraph in the ALJ's decision:

> The claimant also has arthritis in her knees, history of fibromyalgia, degenerative disc disease in her back and cervical spondylosis status-post remote history of cervical fusion (B13F/277). The claimant had cervical fusion in 2010 due to [a] herniated disc caused by a work-related injury (B1A). One month later, physical

5

examination revealed decreased range of motion, however, the claimant had normal sensation and full 5/5 strength (B1A). In 2011, MRI revealed mild stenosis without cord impingement and the claimant maintained normal sensation and strength (B1A). The claimant successfully completed physical therapy and was discharged (B1A). Here, during the relevant period, objective physical examination consistently reveals the claimant has normal gait, full strength, normal sensation, and normal extremity range of motion (B1F/25). The claimant reported her neck pain as five or six out of ten, but that she experienced 50 percent relief with her medication regimen (B2F/13, B2F/10). Regarding the claimant's back, she underwent facet rhizotomy and nerve blocks in late 2015 (B6F/7). The claimant reported that a cream she used was "very helpful," however; skin irritation from the cream caused her to stop using it despite its effectiveness (B6F/5). The claimant was referred to a provider, Ms. Rossner but was refused by Ms. Rossner as a patient (B6F/6). The claimant was then referred to Ms. Snyder, who became her new primary physician (B6F/6). The examining physician recommended decreasing the claimant's narcotic medication due to her reported hypotension, however, the claimant "flatly refused" (B6F/6). The claimant has had knee pain and received injections (B12F/5). However, notes from 2015 also indicated the claimant had full range of motion in her knees, 4/5 strength in her knees, no ligament instability, including non-painful valgus stress test, negative drawer tests, negative Lachman's test, and negative apprehension test (B12F/34). In April 2016, physical examination revealed the claimant had normal sensation and full 5/5 strength in all extremities, negative straight leg testing, normal gait, and normal range of motion (B13F/288-291). In September 2016, the claimant had normal sensation, full 5/5 strength in all extremities, and normal gait (B13F/9-13). The objective findings are inconsistent with the claimant's reports of being unable to walk or "hardly move" (B5E).

(Tr. 126).

Plaintiff contends that this analysis does not support the ALJ's RFC assessment (i.e., light work with physical limitations relating to climbing, stairs, crouching and kneeling); that it

does not adequately analyze plaintiff's pain allegations; and fails to consider significant portions of plaintiff's medical history which are favorable to plaintiff's claim for benefits. Doc. No. 9, p. 11. The issue here is whether there is relevant evidence cited by the ALJ upon which a reasonable person could conclude that plaintiff could perform light work with the restrictions described in the ALJ's decision. The burden is upon the ALJ, not the claimant, to show that the claimant can work at any level lower than her past relevant work. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir. 1993).

The ALJ does not cite to medical source statements or consultant's reports which expressly show that plaintiff can perform light work on a sustained basis.[1] The ALJ discusses plaintiff's complaints of pain and efforts to alleviate her pain, although the discussion does not fully acknowledge: plaintiff's extensive efforts to obtain relief;[2] plaintiff's reports of her

---

[1] "Light work" is defined at 20 C.F.R. §§ 404.1567(b) and 416.967(b) as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent listing or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

[2] Plaintiff has made a large number of medical visits consistently complaining of pain since her alleged onset date. The record also indicates that plaintiff has tried numerous drugs and other regimens for pain relief which

7

worst levels of pain;[3] or objective findings which detail meniscus tears or fraying, and moderate to severe degeneration in plaintiff's knees.[4]

The ALJ's discussion does not expressly deny that plaintiff suffers significant pain. A reader is left to imply a finding that plaintiff may suffer pain limiting her RFC to the level found by the ALJ, but the pain must not cause greater RFC limits because medical records show that plaintiff has normal gait, strength and range of motion, and negative results on straight leg raising and other tests. The ALJ states that the "objective findings are inconsistent with the claimant's reports of being unable to walk or 'hardly move.'" (Tr. 126). While this is correct, these objective findings do not go far enough to establish plaintiff's functional capacity, in light of plaintiff's extensive record of pain treatments. Indeed, defendant makes a similar point against the diagnostic findings cited by plaintiff when defendant states: "Without more evidence of functional limitations, these diagnostic findings do not establish her level of impairment." Doc. No. 10,

---

are not detailed in the ALJ's decision. The ALJ notes records showing that plaintiff has reported 50% pain relief with her medication regimen. But, in other records, plaintiff reports 10% relief. E.g., Tr. 893 & 935.

[3] The ALJ refers to reports of neck pain at five or six out of ten. (Tr. 126). The record also contains reports of pain at seven or eight out of ten in the neck, back and knees. E.g., Tr. 591 (neck and knees – 8); Tr. 593 (neck – 8); Tr. 607 (neck and midback – 7); Tr. 609 (neck and low back – 7); Tr. 645 (knees – 8); Tr. 689 (knees – 7-9); Tr. 725 (neck and low back – 8); Tr. 810 (neck and low back – 8).

[4] Tr. 47, 698, 700 & 861. The record also reflects some tenderness to palpation and some decreased range of motion in the cervical region, some tenderness to palpation in the lumbar area. E.g., Tr. 992-93.

p. 5. Range of motion, gait and strength are more closely related to function than a diagnosis of arthritis for example, but the court believes that "normal" findings on these measures or tests are not sufficient to provide reasonable support for the ALJ's RFC findings.

The ALJ also cited plaintiff's expressed interest in finding part-time employment, possibly watching four or fewer children, as inconsistent with plaintiff's subjective reports of her disability. (Tr. 125-26). The court agrees with the ALJ as to this point. Newbold v. Colvin, 718 F.3d 1257, 1267 (10th Cir. 2013). But, it does not establish that plaintiff is capable of performing light work on a sustained basis with the restrictions stipulated by the ALJ. See Cavitt v. Schweiker, 704 F.2d 1193, 1195 (10th Cir. 1983)(that claimant applied without success for two jobs and would like to do at least sedentary work on a regular basis does not establish functional capacity to perform sustained sedentary work).

In conclusion, the court agrees with plaintiff that the ALJ's discussion of the evidence regarding plaintiff's physical ailments does not provide or refer to evidence providing substantial support for the ALJ's RFC findings. Under these circumstances remand is warranted. See Mallory v. Colvin, 2015 WL 1204991 *3-4 (D.Kan. 3/17/2015); McHenry v. Colvin, 2013 WL 4849107 *3-4 (D.Kan. 9/11/2013); Martin v. Astrue, 2010 WL 2628643 *7 (D.Kan.

6/28/2010). The court finds that a remand for further proceedings would serve a useful purpose and therefore the court shall not remand for an award of benefits. Upon remand, consideration should be given to whether a consultative examination is warranted.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is reversed and that judgment shall be entered pursuant to sentence four of 42 U.S.C. § 405(g) remanding the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2019, at Topeka, Kansas.

> s/Sam A. Crow
> Sam A. Crow, U.S. District Senior Judge